**No. 21-2040**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT**

VDPP LLC,

*Plaintiff-Appellant,*

*v.*

VIZIO, INC.,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Central District of California, Case No. 8:20-cv-00030-JVS-KES.
The Honorable James V. Selna, District Judge Presiding.

# REPLY BRIEF OF PLAINTIFF-APPELLANT

Matthew M. Wawrzyn
*matt@wawrzynlaw.com*
WAWRZYN LLC
200 Randolph Street, Suite 5100
Chicago, IL 60601
(312) 235-3120

*Counsel for Plaintiff-Appellant
VDPP LLC*

# TABLE OF CONTENTS

ARGUMENT ........................................................ 1

I. THE TWO DISPUTED TERMS AS WRITTEN CONVEY REASONABLE CERTAINTY TO ONE OF ORDINARY SKILL IN THE ART. ........................................................ 2

**A.** The district court should have read the claim terms considering the intrinsic record. ........................................................ 2

**B.** The district court relied on Vizio's attorney argument rather than evidence. ........................................................ 3

**C.** The district court reversed the burden of proof and faulted VDPP for not having expert testimony. ........................................................ 5

CONCLUSION ........................................................ 6

PROOF OF SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

## CASES

*Aristocrat Techs. Australia Pty. Ltd. v. Int'l Game Tech*,
521 F.3d 1328 (Fed. Cir. 2008)....................................................4

*HTC Corp. v. IPCom GmbH & Co., KG*,
667 F.3d 1270 (Fed. Cir. 2012)....................................................4

*Nevro Corp. v. Boston Scientific Corp.*,
955 F.3d 35 (Fed. Cir. 2020) ....................................................2, 3

*Rain Computing, Inc. v. Samsung Electronics Am., Inc.*,
989 F.3d 1002 (Fed. Cir. 2021)....................................................4

*Williamson v. Citrix Online, LLC*,
792 F.3d 1339 (Fed. Cir. 2015)....................................................4

*Zeroclick, LLC v. Apple Inc.*,
891 F.3d 1003 (Fed. Cir. 2018)....................................................3, 4

## STATUTE

35 U.S.C. § 112 ....................................................passim

# INTRODUCTION

Ken Jacobs discovered that when he interrupted the sequence of two image frames with a blank frame, he delivered to his audience the illusion of continuous movement. Jacobs patented this technique—which he calls Eternalism. The claims before this court on appeal recite a "storage" and a "processor" and specify how the artisan should use those structures to deliver Eternalisms to consumers of motion pictures.

The claims limit the storage and the processor to what the artisan needs to achieve Eternalisms. The specification teaches the artisan that he or she may use conventional computing widely available as of the priority date.

The district court erred in three ways. The court should have construed the terms "storage" and "processor" according to their ordinary meanings and held that paragraph 6 of section 112 does not apply. The court should have supported its holding that paragraph 6 applies with some evidence—instead of simply adopting VIZIO's attorney argument. Finally, the court should not have required VDPP, the patent owner, to produce expert testimony lest the court apply

paragraph 6.

In this court, VIZIO fails to appreciate the claim language and specification and defends the district court in the same conclusionary logic of the erroneous opinion below. The intrinsic record supports construing the claim terms by their plain and ordinary meaning, not applying paragraph 6. VIZIO will not confront the intrinsic record, which underscores the error of the district court, applying paragraph 6 based on VIZIO's attorney's suggestion rather than evidence.

## Argument

## I. THE DISPUTED TERMS AS WRITTEN CONVEY REASONABLE CERTAINTY TO ONE OF ORDINARY SKILL IN THE ART.

The claim language and specification support an order reversing the district court. The terms "storage" and "processor" connote structure. Paragraph 6 does not apply.

### A. The district court should have read the claim terms considering the intrinsic record.

The claims on appeal define the terms "storage" and "processor" according to how these structures are used to produce Eternalisms. (VDPP Opening Br. at 9-10 (citing *Nevro Corp. v. Boston Scientific Corp.*, 955 F.3d 35, 39 (Fed. Cir. 2020).) VIZIO calls the term used in

*Nevro* indisputably structural ("signal"). (Br. at 13.) If true, then, there should be no dispute here. The terms "storage" and "processor" connote structure, for the claim language limits the terms to how the structures are used in the claim.

The specification teaches that one of ordinary skill in the art may use conventional computers to achieve Eternalisms. (VDPP Opening Br. at 4, 6, 10.) The claims then recite a "storage" and "processor" for use to deliver Eternalisms. (*Id.* at 8-11.) VIZIO does not address the patent's suggestion of conventional computers. (*See, e.g.*, Br. at 8-9.) In short, VIZIO fails to confront the intrinsic record, which supports one of ordinary skill in the art using a conventional storage and processor to deliver Eternalisms.

### B. The district court relied on Vizio's attorney argument rather than evidence.

The lower court was reversed in *Zeroclick* for failing to appreciate the context of the claims, and that is what the lower court did here. (VDPP Opening Br. at 12-13 (discussing *Zeroclick, LLC v. Apple Inc.*, 891 F.3d 1003 (Fed. Cir. 2018).) In *Zeroclick*, the claims called for novel operations to be run on existing programs. Here, the claims call for conventional storage and processors to manipulate image frames and

produce Eternalisms. Just as the patent did not have to specify the contours of existing programs in *Zeroclick*, here the patents invoke a specific use of conventional storage and processors. The district court and VIZIO fail to appreciate the context of these claims, and the district court erred applying paragraph 6.

VIZIO misplaces reliance on cases where the parties stipulated that paragraph 6 applied to the terms in question. *HTC Corp. v. IPCom GmbH & Co., KG*, 667 F.3d 1270, 1278 (Fed. Cir. 2012); *Aristocrat Techs. Australia Pty. Ltd. v. Int'l Game Tech*, 521 F.3d 1328, 1331 (Fed. Cir. 2008).

The other cases cited are also inapplicable. For example, in *Rain Computing, Inc. v. Samsung Electronics Am., Inc.*, 989 F.3d 1002 (Fed. Cir. 2021), this court analyzed the term "user identification module." In *Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. 2015), this court, sitting *en banc*, analyzed the term "distributed learning control module." In both cases, the court analyzed the intrinsic record and supported with evidence a holding that paragraph 6 applied. Here, the terms themselves connote structure, especially when read in the context of the specification that tells the artisan to use conventional computers

available as of the priority date.

VIZIO argues that the specification refers to "storage" and "processor" only as new matter added after the original application. (Br. at 10-12.) The original application and resulting patent—U.S. Patent No. 7,030,902—instructs one of ordinary skill in the art to use conventional computers. (VDPP Opening Br. at 4, 6, 10.) VIZIO's argument overlooks the context of the claims, which directs the artisan to use conventional computers to produce Eternalisms for the motion picture audience.

### C. The district court reversed the burden of proof and faulted VDPP for not having expert testimony.

VIZIO had the burden of producing evidence demonstrating that paragraph 6 applies. (VDPP Opening Br. at 13-14.) VIZIO fails this burden and does nothing in this court to satisfy the burden of proof. The patents direct one of ordinary skill in the art to use conventional computers and the claims use the terms "storage" and "processor" as those structures are ordinarily understood in the motion picture arts. VIZIO fails to confront or appreciate the intrinsic record and what VDPP claims.

The district court erred by reversing the burden of proof, requiring

VDPP to produce expert testimony lest paragraph 6 apply. VIZIO, not VDPP, was required to bring forward evidence that the claim term fails to connote structure to one of ordinary skill in the art.

## CONCLUSION

VDPP respectfully requests that this court enter an order reversing the judgment of the district court and holding that the terms "storage" and "processor" should be accorded their plain and ordinary meaning and that, as such, the claims of the patents-in-suit are definite. Alternatively, VDPP respectfully requests that this court enter an order vacating the judgment holding the patents-in-suit invalid and remanding for another claim-construction hearing.

Date: November 15, 2021

*/s/ Matthew M. Wawrzyn*

Matthew M. Wawrzyn
*matt@wawrzynlaw.com*
WAWRZYN LLC
200 Randolph Street, Suite 5100
Chicago, IL 60601
(312) 235-3120

*Counsel for Plaintiff-Appellant*
*VDPP LLC*

## PROOF OF SERVICE

I hereby certify that on November 15, 2021, an electronic copy of the foregoing Reply Brief of Plaintiff-Appellant was filed with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the CM/ECF system and thereby causing a "Notice of Electronic Filing" to be served on all counsel of record.

Date: November 15, 2021

*/s/ Matthew M. Wawrzyn*
*Counsel for Plaintiff-Appellant*
VDPP LLC

**CERTIFICATE OF COMPLIANCE**

This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and Fed. Cir. R. 32(b), this document contains 1,037 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook.

Date: November 15, 2021

*/s/ Matthew M. Wawrzyn*
Counsel for Plaintiff-Appellant

VDPP LLC